IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

DAVID BEASLEY                                                                                          MOVANT

V.                                                                                    CAUSE NO. 2:10-CR-78-SA

UNITED STATES OF AMERICA                                                                  RESPONDENT

ORDER AND MEMORANDUM OPINION

On January 20, 2022, David Beasley, through counsel, filed a Petition to Vacate, Correct, or Set Aside Sentence [439], requesting relief pursuant to 28 U.S.C. § 2255. The Government has not responded, but the Court is prepared to rule.

*Relevant Background*

On May 20, 2010, David Beasley, along with seven other individuals, was indicted for conspiracy to commit wire fraud. *See* [1]. The Indictment [1] included multiple Counts, but Beasley was only named in Count One. He pled guilty to that Count on December 2, 2010. *See* [121]. The Court held Beasley's sentencing hearing on August 2, 2011, at which time the Court sentenced him to serve a term of imprisonment of 262 months. *See* [197]. He appealed. The Fifth Circuit affirmed in part, reversed in part, and remanded for resentencing. *See* [323].

At resentencing, this Court imposed a sentence of 210 months. *See* [343]. Beasley again appealed, and the Fifth Circuit, in an opinion filed on January 6, 2014, affirmed the sentence. *See* [385].

He filed the present Petition [439] on January 20, 2022. He argues that his sentence was unduly harsh and disproportionate to other Defendants and ultimately violated the Eighth Amendment. Beasley was released from BOP custody on August 28, 2024. *See*

https://www.bop.gov/inmateloc/. He is now serving a five-year term of supervised release in this District.

*Analysis and Discussion*

In the Petition [439] and supporting Memorandum [440], Beasley seeks relief pursuant to 28 U.S.C. § 2255. The statute provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Although the language of Section 2255 authorizes Beasley, who was convicted and sentenced in this Court, to seek habeas corpus relief, his Petition [439] is flawed for at least two reasons—(1) he is no longer in custody, rendering his Petition [439] moot; and (2) his Petition [439] is time-barred. The Court will address each of these grounds for dismissal.

    I.    *Mootness*

As noted previously, Beasley was released from custody on August 28, 2024 and is now serving a term of supervised release in the Northern District of Mississippi. Thus, although he was in custody at the time he filed his Petition [439] on January 20, 2022, that is no longer the case. Notably, his Petition [439] does not request that this Court vacate his underlying conviction—it only attacks his sentence. For instance, he argues "the sentence imposed upon [him] violated the Constitution and laws of the United States. More specifically, David contends that the unduly harsh and disproportionate sentence imposed by this Court violated David's right to be free from cruel

and unusual punishment as guaranteed by the Eighth and Fourteenth Amendments[.]" [440] at p. 4.

The Fifth Circuit has addressed this issue relatively recently. *Herndon v. Upton*, 985 F.3d 443 (5th Cir. 2021). In *Herndon*, the petitioner, Dawn Herndon, filed a habeas petition asserting that BOP improperly calculated credit that she should have received toward the imposed sentence. *Id.* at 445. While her petition was pending, Herndon was released from BOP custody and began serving a three-year term of supervised release. *Id.* The district court sua sponte dismissed Herndon's habeas petition based on the fact that she was no longer incarcerated. *Id.*

On appeal, the Fifth Circuit affirmed, specifically holding as follows:

> We agree with the district court that Herndon's release mooted her § 2241 petition, notwithstanding her continued supervision, because there was no longer a live case or controversy for which any relief could be granted. Herndon had already received the sole relief sought in her petition: release from confinement.

*Id.* at 445 (citing *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)).

The same logic applies here. Although Beasley was in custody at the time he filed his Petition [439], he has since been released from custody and has therefore already received the sole relief sought in his filing—release from confinement. The Petition [439] is now moot.

II.   Time-Barred

Setting aside the mootness issue, Beasley's Petition [439] is time-barred. Pursuant to 28 U.S.C. § 2255(f), the petitioner must seek relief within one year of the judgment of conviction becoming final.[1]

---

[1] The Court notes that the statute lists other potential dates from which the one-year limitation period could commence; however, none of them are applicable here. *See* 28 U.S.C. § 2255(f)(1)-(4).

The Fifth Circuit affirmed the imposed sentence on January 6, 2014. However, Beasley did not file the present Petition [439] until January 20, 2022. He clearly failed to comply with the one-year limitations period. The Petition [439] is time-barred.

*Conclusion*

For the reasons set forth herein, Beasley's Petition is due to be and hereby is DISMISSED. A Final Judgment will issue this day. This CASE is CLOSED.

SO ORDERED, this the 18th day of March, 2025.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE